UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 2 2 2014

PER _____

DEPUTY CLERK

RODOLFO MADRIGAL,                      :
                                       :
        Petitioner                     :
                                       :
    v.                                 : CIVIL NO. 3:CV-14-0726
                                       :
WARDEN J. E. THOMAS,                   : (Judge Kosik)
                                       :
        Respondent                     :

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 filed by Rodolfo Madrigal ("Petitioner"), a federal inmate incarcerated

at the United States Penitentiary at Lewisburg, Pennsylvania. (Doc. 1, Pet.) Along

with the petition, a motion seeking leave to proceed in forma pauperis in this matter

and a motion for counsel were submitted. (Docs. 2, 4.) Petitioner challenges his

2007 conviction and sentence in the United States District Court for the Northern

District of Illinois following a jury trial on charges of conspiracy to possess and

distribute cocaine in violation of 21 U.S.C. § 846 and using a telephone to facilitate a

narcotics conspiracy in violation of 21 U.S.C. § 843(b). For the reasons set forth

below, the motion to proceed in forma pauperis will be granted for the sole purpose of

filing the instant petition, and the petition will be dismissed for lack of jurisdiction.

The motion for counsel will be denied as moot.

## I.   Background

Petitioner and a group of other individuals were indicted in the United States District Court for the Northern District of Illinois in connection with an Aurora, Illinois drug conspiracy.  While most of the indicted individuals pleaded guilty, five (5) of the defendants, including Petitioner, went to trial.  Petitioner was convicted by a jury of conspiracy to possess a controlled substance and use of communications facility to facilitate the distribution of a controlled substance on May 24, 2007.  See USA v. Tejeda, et al., No. 05-CR-194.  He was sentenced to a concurrent term of 240 months in prison.

On May 31, 2007, a direct appeal was filed with the Seventh Circuit Court of Appeals.  On July 23, 2009, the conviction and sentence were affirmed.  On July 6, 2010, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  See United States v. Madrigal, Civ. No. 1:10-cv-4245 (N.D. Ill.).  In his § 2255 motion, Petitioner's arguments included the following: (1) the jury verdict form broadened his offense and (2) the government narrowed the indictment by deleting factual allegations.  Petitioner claimed he was "actually innocent" of the charges, and that cause and prejudice existed to overturn his conviction/sentence. (Doc. 1 at 3.)  On February 22, 2011, his § 2255 motion was denied.  In both reviewing the instant petition and researching Petitioner's underlying criminal action

on the Public Access to Court Electronic Records website (PACER), <u>see</u>

http://www.pacer.gov, it does not appear that Petitioner ever filed an appeal to the

Seventh Circuit Court of Appeals following the denial of his § 2255 motion.

On April 15, 2014, he filed the pending petition for writ of habeas corpus

pursuant to § 2241 challenging his conviction and sentence.  In the petition, he raises

the following grounds: (1) his due process rights were violated due to "actual

prejudice and cause" when the elements of his offense were not found by the jury

beyond a reasonable doubt and (2) he is actually innocent because no drugs were ever

found on him.

## II.    Discussion

This matter is before the court for screening.  <u>See</u> 28 U.S.C. § 2243.  The

petition has been given preliminary consideration pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.

§ 2254 (1977)(applicable to § 2241 petition under Rule 1(b)).  <u>See</u> <u>Patton v. Fenton</u>,

491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 may be applied at the discretion of

the district court as it is the duty of the court to screen out frivolous applications and

eliminate the burden that would be placed on the respondent by ordering an

unnecessary answer.  <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly

in violation of the Constitution may generally be brought only in the district of

3

sentencing pursuant to 28 U.S.C. § 2255.  <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002)(citing <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974)); <u>see</u> <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  <u>See</u> 28 U.S.C. § 2255; <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  <u>See</u> <u>id</u>. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002); <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000); <u>Dorsainvil</u>, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the case *sub judice*, Petitioner has previously filed a § 2255 motion in the sentencing court that has been denied on the merits.  In the instant § 2241 habeas

petition, he raises challenges to his conviction and sentence that clearly either were or could have been raised in his § 2255 motion. He does not base the present action on newly discovered evidence or a new rule of constitutional law that has been made retroactive to cases on collateral appeal. Rather, he relies on theories clearly available and known to him when he filed his § 2255 motion. The mere fact that he was unsuccessful with respect to his § 2255 motion does not open the courthouse doors here and provide him with the opportunity to seek habeas corpus relief pursuant to § 2241. The court notes that Petitioner did not appeal the denial of his § 2255 motion to the Seventh Circuit Court of Appeals.

Clearly, Petitioner's remedy by way of a § 2255 motion is not inadequate or ineffective to challenge his conviction and sentence in that he has utilized this remedy. Merely because he was unsuccessful, or failed to raise all claims available to him at that time in his § 2255 motion, does not render said remedy ineffective or inadequate and allow him to pursue his claims in a § 2241 petition before this court. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Even if Petitioner had asserted grounds in the instant habeas petition alleging newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court, his remedy would be to seek permission with the appropriate court of appeals to file a second § 2255 motion, not to file a § 2241 petition in this court.

Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.  An appropriate order follows.